UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMAR ODOM,

Plaintiff,

v.

ADMINISTRATOR SLOUTHOWER, et al.,

Defendants.

CASE NO. 3:17-cv-05800-RBL-TLF

ORDER ON DEFENDANTS' MOTIONS TO DISMISS

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Theresa L. Fricke. Presently pending before the Court are defendants Balderrama, Blowers, and Smith's Motion to Dismiss Pursuant to FRCP 12(b)(6), Dkt. 21, and defendants Park, Cammer, Bual, Carrillo, and Yagi's Motion to Dismiss Pursuant to FRCP 12(b)(6), Dkt. 26. Plaintiff has not responded to either motion. Both sets of defendants filed a reply. Dkt. 23, 27.

The Court finds Plaintiff has failed to state a claim upon which relief can be granted in the complaint as to any of the moving defendants. Therefore, the Court grants the motions (Dkt.

21, 26).[1] The Court will give Plaintiff leave to file an amended complaint. Plaintiff must file an amended complaint on or before May 28, 2018.

**I. Background**

Plaintiff Jamar Odom, a pre-trial detainee at the Pierce County Jail ("the Jail") at all relevant times, alleges that several named defendants violated Plaintiff's constitutional rights. Dkt. 7. Plaintiff alleges defendants violated his Eighth Amendment rights in denying him adequate medical care—specifically physical therapy and orthopedic and neurological care—following surgery for a gunshot wound. *Id*. He also alleges that defendants denied him due process and equal protection in violation of the Fourteenth Amendment. *Id*.

Defendants Balderrama, Blowers, and Smith filed their motion to dismiss on January 19, 2018. Dkt. 21. Plaintiff did not file a response; the defendants then filed a reply. Dkt. 23. Defendants Park, Cammer, Bual, Carrillo, and Yagi filed their motion to dismiss on February 21, 2018. Dkt. 26. Plaintiff has not filed a Response to that motion, either. Those defendants also filed a reply. Dkt. 27.

**II. Standard of Review**

A motion to dismiss can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Therefore, in the interest of judicial efficiency and because the Court is granting leave to amend, the Court enters an order granting the Motions to Dismiss, not a Report and Recommendation. *See Hopkins v. Washington State Special Commitment Center Chief Medical Director*, 2016 WL 3364933 (W.D. Wash. June 17, 2016) (finding dismissal with leave to amend is non-dispositive and considering objections under Federal Rule of Civil Procedure 72(a)).

    > draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

**III. Failure to Respond to Motions**

This Court's local rules provide that "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Before the Court grants a motion to dismiss on these grounds, it must "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Both the public interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal here. The Court's resources are limited and are best spent on cases with a strong chance of resulting in relief. Plaintiff's failure to respond to either motion to dismiss suggests a lack of interest in pressing his case and a lack of belief in its merits. Further, there is no risk of prejudice to the defendants in granting their motions to dismiss. No less drastic sanction than dismissal without prejudice appears to be available. Thus, although the public policy favoring disposal of cases on their merits weighs in favor of reaching the merits of this case, the other four factors strongly favor dismissal under LCR 7(b)(2).

Although the Court construes pleadings liberally in favor of pro se litigants, those litigants are still bound by the rules of procedure. *Ghazali*, 46 F.3d at 54. Because the factors in *Ghazali* weigh in favor of dismissal under LCR 7(b)(2) based on Plaintiff's failure to respond to the motions to dismiss, the Court will dismiss without prejudice Plaintiff's claims against defendants Balderrama, Blowers, and Smith, and those against defendants Park, Cammer, Bual, Carrillo, and Yagi.

In addition, as discussed below, the Court finds that the motions to dismiss also succeed on their merits.

**IV.     Eighth Amendment Deliberate Indifference**

Plaintiff alleges defendants acted with deliberate indifference to Plaintiff's serious medical need by denying him adequate medical treatment or proper accommodation following surgery for a gunshot wound. Dkt. 7, p. 2.

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id.* A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Finally, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff alleges that despite unspecified jail officials' knowledge of his spinal injury, he was temporarily housed on a concrete floor and has subsequently been denied physical therapy or a visit with an orthopedist or neurologist. Dkt. 7, p. 2. He alleges that this constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He appears to premise his claims that defendants violated his rights to due process and equal protection under the Fourteenth Amendment on his Eighth Amendment claim. Dkt. 7, pp. 3-4.

But Plaintiff has not alleged facts sufficient to show that any of the moving defendants—Balderrama, Blowers, Smith, Park, Cammer, Bual, Carrillo, and Yagi—made a purposeful act or failure to ac, nor that they did so with deliberate indifference to his serious medical needs. The complaint does not name those defendants other than in the caption. Dkt. 7.

Plaintiff must provide facts describing who caused him harm, when such harm was caused, and what constitutional right was violated by the conduct. He must provide specific facts showing that these defendants were aware of his serious medical needs and that their actions resulted in deliberate indifference to those needs. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must allege

facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint and sweeping conclusory allegations are insufficient to state a claim for relief).

The Court finds that Plaintiff has failed to allege facts sufficient to state an Eighth Amendment claim against defendants Balderrama, Blowers, Smith, Park, Cammer, Bual, Carrillo, or Yagi. Accordingly, the Court finds those defendants' motions to dismiss, Dkt. 21, 26, must be granted on the merits, as well.

**V.      Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show defendants Balderrama, Blowers, Smith, Park, Cammer, Bual, Carrillo, and Yagi are liable under § 1983. However, Plaintiff was not notified of the deficiencies in his complaint and has not been given an opportunity to amend his complaint. At this time, the Court cannot conclude Plaintiff is unable to overcome the deficiencies of the complaint if he is given an opportunity to amend.

Accordingly, the Court grants the motions to dismiss, but gives Plaintiff leave to amend to attempt to cure the deficiencies of his complaint.

**VI.     Instructions to Plaintiff**

The Court orders Plaintiff to file an amended complaint on or before May 28, 2018. Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the complaint, and not as a supplement. The Court will screen the amended complaint to determine

whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

Any new claims raised in the amended complaint must relate to the allegations contained in the complaint. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U .S.C. § 1915(g)). Thus, Plaintiff may not change the nature of his suit by adding new, unrelated claims in his amended complaint. *Id*. (no "buckshot" complaints).

Failure to file an amended complaint on or before May 28, 2018, will result in the Court recommending dismissal of this lawsuit.

**VII.  Conclusion**

The Court finds Plaintiff has failed to sufficiently state a claim against defendants Balderrama, Blowers, Smith, Park, Cammer, Bual, Carrillo, and Yagi. Therefore, those defendants' motions to dismiss, Dkt. 21, 26, are granted. However, the Court finds Plaintiff may be able to cure the deficiencies of his complaint and, thus, Plaintiff is given leave to amend the complaint. **The amended complaint must be filed on or before May 28, 2018.**

The Clerk is directed to provide Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide a copy of this Order to Plaintiff.

Dated this 27th day of March, 2018.

Theresa L. Fricke
United States Magistrate Judge