UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMAR ODOM,<br><br>                Plaintiff,<br><br>    v.<br><br>ADMINISTRATOR SLOUTHOWER, et al.,<br><br>                Defendants. | CASE NO. 3:17-cv-05800-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 20, 2018 |

This matter is before the Court on plaintiff's failure to update his address with the court. Dkt. 29. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court dismiss this action without prejudice for failure to prosecute under LCR 41(b)(2).

Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter. He filed his complaint on November 16, 2017. Dkt. 7. He was a pre-trial detainee at the Pierce County Detention and Correction Center (PCDCC). The Court entered an order directing service on the named defendants on November 21, 2017. Dkt. 8.

On December 4, 2017, a court document was returned to the Court; it was marked undeliverable because plaintiff was no longer at PCDCC. Dkt. 9. The next day, the court clerk noted that plaintiff called with an updated address and that the documents had been resent. Dkt. 9. The clerk informed plaintiff that he needed to file a written notice of change of address with the court.

On January 19, 2018, and February 21, 2018, two sets of defendants moved to dismiss the complaint for failure to state a claim. Dkt. 21, 26. Plaintiff did not file a response to either motion.

On March 27, 2018, the undersigned granted the motions to dismiss but granted plaintiff leave to amend the complaint.[1] Dkt. 28. The undersigned informed plaintiff that the amended complaint must be filed on or before May 28, 2018. *Id.*

On April 2, 2018, a copy of the order sent to plaintiff's most recent address was returned to the Court in an envelope marked "not deliverable as address/unable to forward." Dkt. 29. Plaintiff has not informed the Court of his current address since December 5, 2017.

Local Rule LCR 41(b) provides:

> (2) A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address and, if electronically filing or

---

[1] The order contained this footnote:

> The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Therefore, in the interest of judicial efficiency and because the Court is granting leave to amend, the Court enters an order granting the Motions to Dismiss, not a Report and Recommendation. *See Hopkins v. Washington State Special Commitment Center Chief Medical Director*, 2016 WL 3364933 (W.D. Wash. June 17, 2016) (finding dismissal with leave to amend is non-dispositive and considering objections under Federal Rule of Civil Procedure 72(a)).

Dkt. 28, p. 2, n.1.

receiving notices electronically, his or her current email address. If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service, or if email is returned by the internet service provider, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing or email address, the court may dismiss the action without prejudice for failure to prosecute.

"Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure ("FRCP"). FRCP 41(b).

Here, mail directed to plaintiff was returned as undeliverable on April 2, 2018. Dkt. 29. Over 60 days have passed, and plaintiff has not notified the court of his current mailing address. Accordingly, the undersigned recommends that, under LCR 41(b)(2), the Court dismiss this action without prejudice for failure to prosecute.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **July 20, 2018**, as noted in the caption.

Dated this 2nd day of July, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge